IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ECLIPSE IP, LLC,

      Plaintiff,

v.                              Civil Action No. 5:12CV160
                                      (STAMP)
ECCO USA, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

I.  Background

The plaintiff, Eclipse IP, LLC, filed the above-styled civil patent action with this Court alleging that the defendant, ECCO USA, Inc., infringed on one or more of its patents. The plaintiff asserts a total of five different patent infringement claims. The alleged infringements are based on the defendant's use of its electronic order, purchase, and product return status messaging and information systems. As relief, the plaintiff seeks monetary damages, including interest from the date of infringement, and all other remedies available based on the defendant's alleged willful infringement. Further, the plaintiff seeks attorneys' fees and costs.

After answering the complaint, the defendant filed a motion for transfer of venue to the United States District Court for District of New Hampshire pursuant to 28 U.S.C. § 1404(a). Thereafter, the plaintiff responded and the defendant replied.

Thus, the motion is fully briefed and ripe for review. For the reasons set forth below, the defendant's motion to transfer venue is granted.

## II. Applicable Law

A motion to transfer a case to another venue is subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (superceded by statute on other grounds).

The decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F. Supp. 2d 553, 555-56 (N.D. W. Va. 2005) (citing Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993)). The

2

movants typically bear the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

## III. Discussion

### A. Transfer of Venue

The parties in this action do not contest that the plaintiff "might have brought" this action in the United States District Court for the District of New Hampshire. Thus, the issue is whether the interests of justice and the convenience to the parties weigh in favor of transferring venue. The defendant argues that based on the factors outlined above, justice and convenience both weigh in favor of transferring venue. The plaintiff contests this argument, and instead, asserts that such factors require that this Court deny the defendant's motion for transfer of venue.

### 1. Ease of Access to Sources of Proof

First, concerning the ease of access to sources of proof, the defendant asserts that the relevant proof is located in the District of New Hampshire. Specifically, it asserts that all of the documents concerning its online sales system, which is the system involved in the plaintiff's patent infringement claims, reside at the defendant's corporate headquarters in New Hampshire.

The plaintiff, however, asserts that to the extent that relevant proof is located in New Hampshire, this fact should be accorded little weight if any, as the documents can be transported easily or transferred electronically. While the plaintiff is correct that the cost of transferring documents to this district would not be substantial and may even be done electronically, this Court still finds that this factor weighs at least somewhat is favor of the defendant.

 2. <u>Convenience of Parties and Witnesses</u>

Second, as to the convenience of the parties and witnesses, the defendant argues that its key witnesses live and work in or near New Hampshire. Further, the defendant alleges that the plaintiff has no presence in West Virginia and no key witnesses in that area. The plaintiff argues that the convenience of officers or other witnesses with interests closely aligned with the defendant should be accorded little weight. Further, the plaintiff argues that the defendant failed to describe the substance of their testimony so as to provide this Court with enough information to weigh the importance of witness convenience against other factors.

Initially, this Court finds that the defendant provided sufficient information regarding its potential witnesses. "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the

materiality of evidence and the degree of inconvenience." Koh v. Microtek Int'l, Inc., 250 F. Supp. 3d 627, 636 (E.D. Va. 2003). Here, the defendant provided this Court by way of affidavit with a list of three party witnesses, who are employees of the defendant, and two non-party witnesses, which are outside consulting firms. The defendant asserts that all three employees live in New Hampshire, and one of the two consulting firms has offices in New Hampshire. The other consulting firm is alleged to be located in Massachusetts. While the defendant does not outline the exact substance of the testimony, it still provides either the employee's job description or the firm's role in the defendant's online sales system. Thus, based on these descriptions, this Court is able to infer the basic substance of the testimony, its materiality, and also the degree of inconvenience to those witnesses.

The plaintiff is correct in noting that courts, in considering the convenience to witnesses, "draw[] a distinction between party-witnesses and non-party witnesses and afford[] greater weight to the convenience of non-party witnesses." Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685 (E.D. Va. 2007) (citation omitted). The defendant, however, has provided this Court with both witnesses that are employees of the defendant and also witnesses that are outside consulting firms. The plaintiff has provided this Court with two examples of its witnesses, a manager of the plaintiff and the alleged inventor of the patent. Neither of these two witnesses

reside in this district. The plaintiff asserts that its manager maintains a residence in nearby Hermitage, Pennsylvania, and the inventor originates from Wheeling, West Virginia, and regularly travels to the area. As the inventor is allegedly a non-party witness because he no longer owns the patents, the plaintiff asserts his convenience should be accorded great weight. This Court notes that while the inventor may regularly travel to the area, this does not make it a convenient forum for him, as the trial cannot be scheduled around his visits. Thus, the convenience alleged by the plaintiff as to the inventor is minimal. Further, as to the plaintiff's manager, again this Court cannot schedule a trial around the manager's visits to his maintained home, which this Court notes is located over 100 miles from this point-of-holding court. As such, based on the witnesses that this Court was provided with and its evaluation of the parties' arguments, this Court finds that this factor weighs in favor of transfer.

### 3. Cost of Obtaining the Attendance of Witnesses

Third, concerning the cost of obtaining the attendance of the witnesses in this action, the defendant asserts that it would be far less expensive to have this action heard in the District of New Hampshire, as most of the key witnesses reside in New Hampshire. The defendant further asserts that it is unaware of any key witnesses who reside or conduct business in West Virginia. In opposition, the plaintiff asserts that the Northern District of

6

West Virginia is centrally located and a convenient forum for the parties and potential non-party witnesses. Specifically, the plaintiff asserts that this district is 500 miles closer to the defendant's headquarters than to the plaintiff's headquarters. This Court finds that this factor weighs in favor of transfer, as the fact that this district is 500 miles closer to the defendant's headquarters does not speak to the cost of having witnesses attend the trial here. While the mileage may be less, accommodations and other travel expenses also must be taken into account. These expenses do not change as a result of this district being 500 miles closer to the defendant's headquarters than it is to the plaintiff's headquarters.

    4.   <u>Availability of Compulsory Process</u>

Fourth, as to the availability of compulsory process, the plaintiff asserts that the documents and witnesses reside outside of this Court's subpoena power. In opposition, the plaintiff argues that because the witnesses provided by the defendant are party witnesses, the defendant has not shown that the witnesses would not willingly appear for trial, and therefore this factor does not weigh in the defendant's favor. It is true that "[w]hen the appearance of witnesses can be secured regardless of the forum's location through court order or persuasion by an employer who is a party to the action, this factor becomes less important." <u>Samsung Electronics Co., Ltd. v. Rambus, Inc.</u>, 386 F. Supp. 2d 708,

719 (E.D. Va. 2005) (citation and internal quotations omitted). The defendant, however, has provided two outside consulting firms whose representatives would act as possible witnesses and the plaintiff has provided two witnesses, neither of who seem to be within this Court's subpoena power.[1]  Accordingly, as none of the witnesses, whether party witnesses or non-party witnesses, appear to be within this Court's subpoena power, this Court finds that this factor also weighs in favor of transfer.

    5.   Possibility of a View

    Fifth, as to the possibility of a view, neither party asserts that such a view is required.  Although, the defendant does assert that to the extent a jury will need to personally view any sites relevant to the dispute, such sites are in New Hampshire.  The plaintiff does not contest this argument.  This Court, however, finds that this factor does not weigh in favor of transfer.  The defendant admits that it does not believe a view will be required; thus, it would neither be more or less convenient to transfer the venue to the District of New Hampshire based on this factor if no such view is likely to occur.

_____

    [1]Federal Rule of Civil Procedure 45(b)(2) places limits on a district court's subpoena power.  A subpoena may be served at the boundaries of the court's district, or outside of the district, but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection.  The other two options provided by Rule 45(b)(2) do not apply in this circumstance.

6. <u>Interest in Having Local Controversies Decided at Home</u>

Sixth, concerning the interest in having local controversies decided at home, the defendant argues that this is not a dispute that is local to West Virginia. Specifically, the defendant asserts that neither party employs any citizen of this district and it is also not alleged that any citizen of this district suffered harm. Further, the defendant asserts that its online sales in West Virginia represent only a minute fraction of its revenue. The plaintiff does not make any allegations concerning whether or not this is a local dispute. After a review of the record in this matter, this Court finds that the Northern District of West Virginia has little to no connection with this dispute. Therefore, this Court cannot find that local interests are involved. Accordingly, this factor weighs in favor of transfer to the District of New Hampshire, which actually has a local interest due to the defendant's headquarters and operations being located within that district.

7. <u>Interests of Justice</u>

Seventh, the defendant argues that the interests of justice favor the District of New Hampshire over the Northern District of West Virginia. The defendant argues that while courts give weight to the plaintiff's choice of forum, this weight diminishes when the plaintiff has not chosen its home forum. Further, the defendant argues that the District of New Hampshire enjoys a lighter docket

and is equally capable of handling a patent infringement action. The defendant also indicates that the plaintiff has not been reluctant to initiate patent infringement suits across the country. Thus, the defendant argues that if the plaintiff has been able to litigate in such districts as the Central District of California and the Eastern District of Texas, moving this litigation to New Hampshire should not impose any meaningful burden upon the plaintiff. In response, the plaintiff argues that its choice of forum favors retention of this case. Further, the plaintiff argues that this Court should consider the fact that the defendant is a "worldwide conglomerate" "making hundreds of millions of dollars per year" and the plaintiff is "a small company."

"The 'interest of justice' category is designedly broad." <u>Bd. of Tr., Sheet Metal Workers Nat. Fund v. Baylor Hearing & Air Conditioning, Inc.</u>, 702 F. Supp. 1253, 1260 (E.D. Va. 1988). The category is "meant to encompass all those factors bearing on transfer that are unrelated to the other factors." <u>JTH Tax, Inc. v. Lee</u>, 482 F. Supp. 731, 738 (E.D. Va. 2007) (citation omitted). However, the defendant's "status as a corporation with sufficient resources to defend in a foreign forum is not a factor that [a] court considers in a transfer analysis." <u>Id.</u> (citing <u>Precision Franchising, LLC v. Coombs</u>, No. 1:06CV1148, 2006 WL 3840334, at *5 (E.D. Va. Dec. 27, 2006); <u>Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp</u>, 227 F. Supp. 2d 581, 584 (E.D. Va.

2002)). Further, while the plaintiff's choice of forum should ordinarily be given substantial weight, "a plaintiff's chosen venue is not given such substantial weight when the plaintiff selects a forum other than its home forum and the claims bear little or no relation to the chosen forum." Koh, 250 F. Supp. 2d at 633; see Klay v. Axa Equitable Life Ins. Co., No. 5:08CV118, 2009 WL 36759, at *3 (N.D. W. Va. Jan. 6, 2009) (finding that venue should be transferred where plaintiff's domicile was located elsewhere and there was little connection between the plaintiff's claims and the judicial district).

In this action, the plaintiff's chosen venue is accorded little weight. The Northern District of West Virginia is not the plaintiff's home forum, as the plaintiff's headquarters are located in Florida. Further, the patent infringement claims bear little to no relation to this district, as the defendant indicates that online sales in the State of West Virginia are minimal. Additionally, the base of the defendant's online operations, which are at issue, is in New Hampshire.

The financial conditions of either party is also not given any weight. Thus, regardless of the plaintiff asserting that it is a "small company," such assertion does not factor into this Court's analysis of whether the transfer of venue is proper. Further, as the defendant notes, the plaintiff seems to have filed suits in numerous other districts far from its headquarters. Thus, even if

the financial conditions were taken into account, this fact diminishes its relevance.

As the defendant indicates, the District of New Hampshire is fully capable of handling the plaintiff's claims, as the law governing the claims is federal, and courts in either district would look to the law of the Federal Circuit. While the defendant argues that the docket conditions in New Hampshire are lighter than those in this district, this fact is only somewhat relevant. <u>JTH Tax</u>, 482 F. Supp. at 739. The most relevant fact to this Court in this interests of justice analysis is the fact that there seems to be little or no connection to this district. The interests of justice do not favor requiring a defendant to defend an action in a district that has little to no connection with the underlying claims merely because one witness originates and visits this area and another witness maintains a home over 100 miles from the point-of-holding court.

Thus, weighing all of the factors, this Court finds that the transfer of venue to a district with more appropriate contacts is the proper course of action. Based on all of the above findings, this Court finds that the United States District Court for the District of New Hampshire provides a more suitable forum in this case.

B.  Plaintiff's Request for Limited Discovery

   The plaintiff requests that if this Court believes based on
the facts alleged by the defendant that it should transfer venue,
the plaintiff requests that this Court allow discovery on this
issue prior to ruling on the motion.  The plaintiff argues that
such discovery will enable the plaintiff and this Court to better
understand the defendant's contacts with West Virginia and this
district.

   In support of this request, the plaintiff cites Wine Markets
Int'l v. Bass, 939 F. Supp. 178 (E.D. N.Y. 1996).  That case,
however, is clearly distinguishable from the instant action.  The
court in Wine Markets denied the defendant's motion to transfer
venue without ordering or authorizing any pre-ruling discovery.
Id. at 185.  The court only permitted the defendant to renew such
motion later in the litigation following the normal discovery
process.  Id.  Here, the plaintiff is requesting that this Court
defer a ruling on this motion and allow limited discovery on the
topics associated with venue.

   Ordinarily, district courts have broad discretion in granting
limited discovery to explore jurisdictional facts, including venue.
Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.,
Ltd., 928 F. Supp. 2d 863, 874 (E.D. Va. 2013).  In this case,
however, this Court finds no reason to allow such limited discovery
prior to making its ruling on the defendant's motion to transfer

venue. If the plaintiff filed this action in accordance with Rule 11 of the Federal Rules of Civil Procedure, then plaintiff should "have some reason to believe that the allegations and other factual contentions in the [complaint] have evidentiary support." Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1170 (S.D. Cal. 2005) (finding that allowing discovery prior to ruling on the defendants' motion to transfer was inappropriate where the plaintiffs should have had information in their possession to substantiate the allegations made against defendants). Under the heading "jurisdiction and venue" in the plaintiff's complaint, the plaintiff alleges that "this Court has personal jurisdiction over ECCO because it transacts regular business in this judicial district; is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this judicial district; and has committed the tort of patent infringement in this judicial district." Thus, if the plaintiff made this claim in accordance with Rule 11, it represented that it possessed evidentiary support for the allegation that the claims are connected to this district. The plaintiff, however, has not provided such support to this Court. The defendant, on the contrary, specifically denies these allegations, and through the briefing of this motion has provided this Court with specific facts regarding its connection, or rather lack of connection with this district and the lack of connection that the plaintiff's claims have to this district.

"Where a party's request for jurisdictional or venue-related discovery rests on bare allegations made in the face of specific denials, the Court need not permit even limited discovery if such discovery will be a fishing expedition." Virginia Innovation Sciences, 928 F. Supp. 2d at 874 (internal quotations omitted) (citing Carefirst of M.D., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 403 (4th Cir. 2003)). This Court finds that, here the plaintiff's request for discovery on issues dealing with venue amounts to nothing more than an effort to find contrary facts to those specific denials alleged by the defendant. The plaintiff's bare allegations concerning venue being proper in this instance are not sufficient for this Court to believe that any limited discovery will aid the plaintiff in establishing a connection between its claims and this district. Thus, it need not permit discovery into the requested topics prior to making its ruling on the defendant's motion to transfer venue.

## IV.   Conclusion

For the above stated reasons, the defendant's motion to transfer the case to the United States District Court for the District of New Hampshire is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the United States District Court for the District of New Hampshire.

DATED:     October 30, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE